UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN MAYFIELD,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>KING COUNTY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C19-0930JLR-BAT<br><br>ORDER REGARDING THE PARTIES' STIPULATED MOTION TO EXTEND THE TRIAL DATE AND OTHER CASE SCHEDULE DEADLINES |

Before the court is the parties' stipulated motion to extend the trial date from December 7, 2020, "to a date on the [c]ourt's calendar on or after April 1, 2021." (Stip. (Dkt. # 12) at 1.) In addition, the parties stipulate to "a reciprocal extension of case schedule deadlines to allow for discovery to be completed." (*Id.*) The parties' only justification for their request is their inability to complete discovery in a timely manner. (*See id.* at 2.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good

ORDER - 1

1 cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify
2 the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
3 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule
4 throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186
5 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.
6 Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that
7 "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the
8 parties'] diligent efforts to comply, because of the development of matters which could
9 not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling
10 conference . . . ." *Jackson*, 186 F.R.D. at 608. The court's scheduling order specifically
11 states that the "[f]ailure to complete discovery within the time allowed is not recognized
12 as good cause." (Sched. Ord. (Dkt. # 7) at 2.)

13 Because the court does not recognize a failure to timely complete discovery as
14 good cause for altering the case schedule, the court DENIES the parties' stipulated
15 motion (Dkt. # 12). Indeed, the court will not permit the parties here to take priority over
16 other parties who are timely preparing for their April 2021 trial dates. Nevertheless, if
17 the parties would like to move their trial date to the end of the court's trial calendar, they
18 may so stipulate and notify the court. If the parties so agree, the court will issue a new
19 case schedule for all remaining, unexpired pretrial deadlines based on a new trial date set
20 at the end of the court's trial calendar. This will allow the parties more time to prepare
21 without adversely impacting the court's schedule. The parties should be aware that the
22 court is presently setting trials in approximately late summer or early fall of 2021. If the

1 | parties wish to stipulate to move their trial date to the end of the court's trial calendar,
2 | they must file their stipulation within seven (7) days of the filing date of this order.
3 |     Dated this 1st day of June, 2020.

*signature*

JAMES L. ROBART
United States District Judge

ORDER - 3